IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JIAN WYATT, et al., | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. JKB-23-0742 |
| UNIVERSITY OF MARYLAND, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiffs Jian Wyatt, Hao Li, Yudong Zhang, and Li Chen bring suit against the University of Maryland ("UMD"),[1] Darryll Pines (in his official capacity as President of the University), Joel Dewyer (in his official capacity as Director of Campus Life Operations), and Bruce Perry (in his official capacity as Police Chief of the Police Department at University of Maryland Baltimore Campus) (collectively, the "University Defendants"), as well Weijian Shan and Leeann Akouri-Shan (collectively, the "private party Defendants"). (*See* Compl., ECF No. 1.) Plaintiffs assert claims against all Defendants pursuant to 42 U.S.C. §§ 1983 and 1985 for violation of their First, Fourth, and Fourteenth Amendment rights, (*id.* at 10–14 (Counts I, II and III)), as well as a § 1983 claim for failure to intervene against Defendant Perry. (*Id.* at 15 (Count V).) They further seek

---

[1] Plaintiffs named UMD as the only institutional defendant in the case caption. (*See* Compl.) In identifying the parties, however, the Complaint alleges that "[t]he Defendant, University of Maryland Baltimore County (UMBC), is a member of the University System of Maryland (USM), the state's public higher education system organized and existing under the Constitution and laws of the State of Maryland, that has its principal operations at 1000 Hilltop Circle, Baltimore, Maryland 21250." (*Id.* ¶ 11.) The Complaint does not make similar reference to UMD. In their Motion to Dismiss, the State Defendants note that they "will assume that Plaintiffs intended to name UMBC as the institutional defendant in this case, as . . . UMD [has no] involvement in the alleged events that are at issue in this action." (Mot. Dismiss Mem., ECF No. 24-1 at 1 n.1.) This distinction does not affect the outcome the Court reaches here, as the analysis below applies equally to UMD and UMBC.

declaratory judgment against "Defendant Shan" pursuant to the Foreign Agents Registration Act ("FARA"). (*Id.* at 15–16 (Count VI).)[2] The Complaint was filed on March 17, 2023. (*See* Compl.) Plaintiffs served the University Defendants on April 28, 2023. (ECF Nos. 17–20.) According to the Court's docket, the private party Defendants have not been served.

Currently pending before the Court is the University Defendants' Motion to Dismiss for Lack of Jurisdiction. (ECF No. 24.) Plaintiffs did not respond to this Motion, which is now ripe. No hearing is required for its disposition. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, the Court will dismiss the claims against the University Defendants with prejudice. The Court will further provide notice to Plaintiffs that, absent a showing of good cause, the claims against the private party Defendants will be dismissed for failure to prosecute.[3]

## I.  *Rule 12(b)(1) Standard*

A defendant can bring a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. A challenge to jurisdiction may be either facial, i.e., the complaint fails to allege facts upon which subject matter jurisdiction can be based, or factual, i.e., jurisdictional allegations of the complaint are not true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When, as here, a defendant brings a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

## II.  *Eleventh Amendment*

"Sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-

---

[2] The Complaint does not contain a Count IV.

[3] Also pending is Weijian Shan's Motion for an Order Requiring Plaintiffs to Post a Security Bond and to Stay Proceedings. (ECF No. 14.) The Court will reserve ruling on this Motion pending Plaintiff's response regarding service.

2

Case 1:23-cv-00742-JKB

matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (citation omitted) (affirming dismissal under Rule 12(b)(1)). The Eleventh Amendment, rooted in principles of sovereign immunity, bars suits against an unconsenting State brought in federal courts by private parties. *See Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248 (4th Cir. 2012). This same proscription applies to suits against instrumentalities of the state and state officials when the latter are acting in their official capacities. *See Francis v. Maryland*, Civ. No. ELH-21-1365, 2023 WL 2456553, at *12 (D. Md. Mar. 10, 2023) (collecting cases). Thus, suits against a State, state instrumentality, or state official acting in their official capacity are permitted only if one of three exceptions apply: (1) the State has waived its Eleventh Amendment immunity; (2) Congress has abrogated the States' Eleventh Amendment Immunity pursuant to a valid grant of constitutional authority; or (3) the suit seeks prospective injunctive relief against state officials. *Lee-Thomas*, 666 F.3d at 249.

As courts in this District have recognized, "[t]he University of Maryland is an arm of the State partaking of the State's Eleventh Amendment immunity." *Borkowski v. Baltimore Cnty.*, 414 F. Supp. 3d 788, 804 (D. Md. 2019) (internal quotation marks omitted) (quoting *Bickley v. Univ. of Md.*, 527 F. Supp. 174, 181 (D. Md. 1981)). So too "UMBC, as a constituent institution of the University System of Maryland, [is] considered [an] instrumentalit[y] of the State for immunity purposes." *Id.* at 805–06 (citing Md. Code. Educ. §§ 12-102(a)(1)–(3), 12-101(b)(6)(ii)). The court in *Borkowski* further noted that the UMBC Police Department—even if not itself an instrumentality of the State—is entitled to Eleventh Amendment immunity based on "the degree of control UMBC wields over it." *Id.* at 806. It follows that officials of these institutions "are similarly entitled to Eleventh Amendment immunity to the extent they are being sued in their official capacities." *Id.*; *see also Pavlovic v. Univ. of Md. Baltimore Cnty.*, Civ. No.

3

MJG-13-983, 2013 WL 4775530, at *4 (D. Md. Sept. 4, 2013) ("The Board [of Regents of the University System of Maryland] and UMBC (as well as their employees in their official capacities) are considered an arm of the State for Eleventh Amendment purposes.").

Further, none of the three exceptions to Eleventh Amendment immunity apply here. First, "while Maryland's General Assembly has waived sovereign immunity with respect to certain classes of tort claims prosecuted in state court, it has expressly declined to extend that waiver to claims brought in federal court." *Dyer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 611 (D. Md. 2016) (citing Md. Code Ann., State Gov't § 12-103(2) (specifying that the Maryland Tort Claims Act ("MTCA") does not "waive any right or defense of the State or its units, officials, or employees in an action in a court of the United States or any other state, including any defense that is available under the 11th Amendment to the United States Constitution")); *see also* Md. Code Ann., Educ. § 12-104(i)(4) (specifying that the MTCA applies to claims against the University System of Maryland and its employees, but that "[n]othing in this subsection shall be construed to waive or abrogate the immunity of the University System of Maryland under the Eleventh Amendment to the United States Constitution.").

Second, "Congress did not abrogate States' Eleventh Amendment immunity for claims arising under 42 U.S.C. §§ [ ] 1983[ ] or 1985." *Smothers v. Maryland*, Civ. No. DKC 18-3451, 2019 WL 3323215, at *2 (D. Md. July 24, 2019) *aff'd*, 788 F. App'x 191 (4th Cir. 2019); *see also Dyer*, 187 F. Supp. 3d at 611 & n.16 (noting that "§ 1983 claims are *never* cognizable against states, state agencies, or state agents acting in their official capacities, regardless whether the defendant state has waived Eleventh Amendment immunity" (emphasis in original)), *aff'd*, 685 F. App'x 261 (4th Cir. 2017).

4

Third, Plaintiffs seek only monetary damages for their constitutional claims, and do not request any injunctive relief against the University Defendants. (Compl. at 17 (requesting relief in the form of an award of compensatory damages; an award of punitive damages; and "[a]dditional compensatory damages based on value of constitutional rights, pursuant to which a jury is permitted to award damages based on its own unguided estimation of value of such rights").)[4]

Accordingly, the claims against the University Defendants must be dismissed for lack of jurisdiction.

### III. Rule 4(m)

Plaintiffs filed this suit on March 17, 2023, and were required to effectuate service within ninety days of that date, pursuant to Federal Rule of Civil Procedure 4(m). The Court's docket reflects that the private party Defendants were not served within that time. Accordingly, Plaintiffs will be ordered to show cause within 21 days of this Memorandum why the case should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P 4(m).

### IV. Conclusion

For the foregoing reasons, a separate order shall issue dismissing with prejudice Counts I, II, III, and V as to the University Defendants and ordering Plaintiffs to show cause why the claims against the private party Defendants should not be dismissed.

DATED this __13__ day of July, 2023.

---

[4] Plaintiffs also request a "declaratory judgment that Defendants must register pursuant to [FARA]." (Compl. at 17.) The FARA Count for declaratory relief, Count VI, is only asserted against "Defendant Shan." (*Id.* at 15.)

BY THE COURT:

*James K. Bredar*

James K. Bredar
Chief Judge